UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RACHEL BRANNIGAN et al.,<br><br>Plaintiff,<br>v.<br><br>UMPQUA BANK et al.,<br><br>Defendants. | CASE NO. 3:26-cv-05614-DGE<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, United States District Judge David G. Estudillo:

Before the Court is Plaintiffs' first amended complaint, in which they seek to add Washington Debt BM, LLC ("WDBM") as a defendant. (Dkt. No. 19.)

On July 17, 2026, the Court ordered Plaintiffs "to refile [their request to amend their complaint] as a separate motion and note it on the regular motions calendar to afford Defendants an opportunity to respond." (Dkt. No. 18 at 4.) Plaintiffs failed to move for leave to amend, and instead filed an amended complaint without leave of the Court. Federal Rule of Civil Procedure

15(a)(1) allows a party to amend its pleadings once as a matter of course no later than (1) 21 days after serving it, or relevant here, (2) 21 days after service of a motion under Rule 12(b). Defendants filed a motion to dismiss on June 16, 2026 (Dkt. No. 6), giving Plaintiffs until July 7, 2026 to amend their complaint. Because Plaintiffs are outside the 21 days to amend their pleadings as a matter of course, the Court STRIKES Plaintiffs' first amended complaint. (Dkt. No. 19.) Plaintiffs must instead file a *motion* for leave to amend their complaint, in accordance with Federal Rule of Civil Procedure 15(a)(2). Plaintiffs shall file a motion to amend their complaint **no later than August 3, 2026**.

The Court also previously directed Plaintiffs to identify the citizenship of each member of WDBM for the purposes of analyzing whether the Court would retain jurisdiction in the event WDBM were added. (Dkt. No. 18 at 4–5.) Again, the Court reminds Plaintiffs that for purposes of diversity jurisdiction, "a [limited liability corporation] is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Plaintiffs' first amended complaint merely states that WDBM is a Washington limited liability company. (Dkt. No. 19 at 2.) This is not sufficient for the Court to analyze jurisdiction.

Finally, Plaintiffs have not responded to Defendants' pending motion to dismiss, which was noted for July 21, 2026. (Dkt. No. 6.) Thus, any response to the motion to dismiss is untimely. As stated in the Court's July 17 Order (Dkt. No. 18 at 5), parties are obligated to respond to motions, and a party's failure to timely oppose a motion to dismiss "may be considered . . . as an admission that the motion has merit." LCR 7(b)(2); s*ee also Rendon v. Cnty. of Orange,* Case No. 21-56163, 2022 WL 16832810, at *1 (9th Cir. Nov. 9, 2022) ("A

district court's authority to dismiss a litigant's claims for failure to prosecute or to comply with court rules and orders is well established.").

Dated this 27th day of July, 2026.

The foregoing Minute Order authorized by THE HONORABLE DAVID G. ESTUDILLO, UNITED STATES DISTRICT JUDGE.